Anton A. Ewing (not an attorney)
3307 Clairemont Drive #372
San Diego, CA 92117
619-719-9640 (do not telemarket)

Plaintiff in pro per

**FILED**

JAN 29 2024

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Anton A. Ewing,

      Plaintiff,

vs.

**CAST CAPITAL LENDING CORP**

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 23CV2299-JLS-JLB

**NOTICE OF MOTION**

**PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT AND REQUEST TO DEPOSE NON-RESPONDING DEFENDANT**

**DATE: March 14, 2024**
**TIME: 1:30 PM**
**Courtroom: 4D**
**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

Plaintiff Anton A. Ewing ("Plaintiff"), hereby respectfully gives notice to all parties and the Court that a motion for Default Judgment against Defendant **CAST CAPITAL LENDING CORP** has been set before the Honorable District Judge Janis L. Sammartino at 333 West Broadway, San Diego, CA 92101 for March 14, 2024.

Dated: January 29, 2024

/s/ Anton A. Ewing
Anton A. Ewing,
Plaintiff

23CV2299

Anton A. Ewing (not an attorney)
3307 Clairemont Drive #372
San Diego, CA 92117
619-719-9640 (do not telemarket)

Plaintiff

FILED

JAN 29 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton A. Ewing, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**CAST CAPITAL LENDING CORP**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Case No.:23CV-2299- JLS JLB

**Motion for Default Judgment and Request to Depose Defendant CAST CAPITAL**

**Memorandum of Points and Authorities**

**TCPA 47 USC §227(b)(1)(A)**

**TCPA 47 USC §227(c)(5)**

**Date: March 14, 2024**
**Time: 1:30PM**
**Courtroom: 4D**
No oral argument unless ordered

Plaintiff Anton A. Ewing ("Plaintiff"), hereby respectfully moves the Court

to enter judgment by default against Defendant **CAST CAPITAL LENDING**

**CORP**, as follows:

23CV2299

1

2

## Table of Contents

3

4    MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 5

5    SUMMARY OF LEGAL ANALSYS ................................................................................... 7

6    EVIDENCE OF DEFENDANT'S WRONGDOING .............................................................. 14

7    THREE FACTORS FOR AMOUNT OF DAMAGES ........................................................... 15

8
9    CONCLUSION ................................................................................................................... 16

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

23CV2299

1.  Plaintiff Anton A. Ewing ("Ewing") hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment against Defendant **CAST CAPITAL LENDING CORP** (herein "CAST CAPITAL"), for violation of the TCPA, 47 USC §227(b)(1) and (c)(5), and CIPA, PC §632.7 and §637.2, invasion of privacy, and illegal recording.

2.  Paragraph 58 of the Complaint alleges 13 calls that violated §227(b) and §227(c). Paragraph 89 of the Complaint alleges "First Claim For Relief" as §227(b)(1)(A) and §227(c)(5). Paragraph 104 alleges "Second Claim For Relief" as PC §632.7 and PC §637.2. Plaintiff is asking the Court for a judgment against defendant in the amount of $94,000 plus taxable costs. The Complaint put Defendant on notice of 13 total violations (11 calls and 2 texts) of both TCPA code sections. Those 13 calls violated the $1500 provision in §227(b) and the $1500 provision in §227(c). At $3,000 per call under federal law and $5,000 per call under California law, that presents $94,000 under Title 47 and CIPA. The two text messages are not within or under PC §637.2.

### PROCEDURAL HISTORY

3.  The Complaint was filed on December 18, 2023 as ECF No. 1 and served on Defendant CAST CAPITAL on December 20, 2023 at 5716 Corsa Avenue, Suite 110, Westlake Village, CA 91362. Defendant CAST CAPITAL defaulted on January 10, 2024 after he failed to file an Answer. See ECF Nos 4.

23CV2299

Defendant CAST CAPITAL LENDING CORP was defaulted on January 23, 2024 as shown at ECF No. 6. Many emails, letter and calls have been made to CAST CAPITAL. Still no response. Defendant CAST CAPITAL knows about the case, they just do not want to either defend, take responsibility or pay. Service was completed, Answer was due 1/10/2024. The Clerk of the Court has entered the entry of default at ECF No. 6 on 1/23/2024 for CAST CAPITAL.

4.  Plaintiff now files a motion for default judgment against Defendant CAST CAPITAL LENDING CORP. The factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) are set forth below. Plaintiff also seeks injunctive relief as provided in the TCPA and as was requested in the Complaint. *See* Complaint paragraphs 48 and 107.

### MEMORANDUM OF POINTS AND AUTHORITIES

5.  Plaintiff requested a copy of Defendant's "do not call" policy, in writing, and did not receive it. See Complaint paragraph 21, 90, 92, 101. This is a violation of 47 USC §227(c)(5) because a violation of the regulations that required CAST CAPITAL provide a copy of the policy, were in fact violated. *See also* 47 C.F.R. §64.120(c)(2). Failure to provide a copy of the do not call policy within 30 days of the written request is a separate violation that justifies imposition of a monetary judgment for that violation in addition to the actual call violations. *See also* 47 USC §227(b)(1)(A) and (c)(5).

23CV2299

6. Because of Defendant's repeated violations of the TCPA, Plaintiff is seeking and hereby respectfully requests an injunction against Defendant CAST CAPITAL ordering him to cease and desist from violating the TCPA. Defendant CAST CAPITAL should be expressly warned that violating this Court's order could or may lead to a contempt citation after notice and an opportunity to be heard.

7. The Complaint sets forth two causes of action:  willful and non-willful violation of §227(b), willful and non-willful violation of §227(c), and Penal Code §632.7.

8. The TCPA is a strict liability statute and thus Plaintiff is not required to prove duty, breach, causation and damages like the prima facie elements of a negligence case.  Plaintiff did not consent to the calls.  Plaintiff put his phone number on www.donotcall.gov well over 31 days prior to the initial call (years prior in fact).  Plaintiff was called with an ATDS (robo dialer) by the liable Defendant.  Plaintiff was called by CAST CAPITAL with a prerecorded message that required him to press one to get to a live human.

9. Plaintiff is asking the Court to grant judgment and to also grant permission to depose CAST CAPITAL for two hours only, remotely via zoom, to determine other calls and call centers used to make the calls alleged in the Complaint.

10. Paragraph 48 of the Complaint sets forth the phone numbers that Defendant used to illegally call.

23CV2299

## SUMMARY OF LEGAL ANALSYS

11. Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *See Geddes, 559 F.2d at 560.* "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When "proving-up" damages, admissible evidence supporting damage calculations is required. *Id.*

12. "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 Moore's Federal Practice para. 55-05[2], at 55-24 to 55-26." *Eitel v. McCool* (9th Cir. 1986) 782 F.2d 1470, 1471-1472.

23CV2299

### a. Possibility of Prejudice to the Plaintiffs

    i. There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "[In the absence of a default judgment, Plaintiff will be severely prejudiced because he will not be allowed to litigate his claims and will be effectively denied all relief." (*Id.* at 6.) Thus, this factor weighs in favor of granting default judgment.

### b. Merits of Plaintiff's Substantive Claim

    i. Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiffs argue they have stated a prima facie claim under the TCPA for both a willful and a negligent violation as well as CIPA violations under PC §637.2 and §632.7.

    ii. Under the TCPA, Plaintiff must establish that (1) the phone calls were made using an automatic telephone dialing system

23CV2299

("ATDS"); (2) they were the "called party;" and (3) that defendants did not have Plaintiff's prior consent to make the calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

iii. Under the first element, Plaintiff sufficiently alleged Defendant's calls to him were made using an ATDS. Regarding the second element, Plaintiff alleges he was the "called party" because the phone number Defendant dialed belonged to him. As for the last requirement, Plaintiff alleges he never gave Defendant consent to contact him and his numbers were on the Do Not Call list. Thus, the Court should find Plaintiff pled sufficient facts to succeed on his TCPA claims.

iv. Plaintiff alleged in the Complaint that Defendant recorded their calls without warning, notice or permission. See Complaint paragraph 9, 23, and 102. Those facts are now, at this default stage, taken as true. PC §632.7 and §637.2 provides for $5,000 per call. Damages are set by statute.

**c. Sufficiency of the Complaint**

i. Humbly, the Complaint is drafted by a *pro se*. Unfortunately, Plaintiff is not up to the caliber of an attorney at law. "[T]he

23CV2299

court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions. See *Totten v. Hurrell*, No. 00–2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the 'sum of money at stake' factor [under *Eitel*] is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and finding an award of $19,977.74 not a "large money judgment" in today's world).  The $94,000 (13 x $1,500 -§227(b) plus 13 x $1,500 - §227(c) plus 11 x $5,000 – PC §637.2, requested by Plaintiff is not unreasonably large given the large scale of Defendant CAST CAPITAL's operations.  Plaintiff also seeks an injunctive order prohibiting Defendant from calling 619-719-9640 ever again.

**d.  Sum of Money at Stake**

    i.  It is squarely within the Court's sound and complete discretion to award treble damages or not.  Plaintiff requests $104,000 in damages for the intentional or willful TCPA and CIPA

violations. "If the court finds that the defendant willfully or knowingly violated" the TCPA, it may award treble damages. 47 U.S.C. § 227(b)(3)(C). Here, Defendants' willfulness is clearly pled. Plaintiff alleges significant facts regarding Defendant's willfulness and intent. The facts Plaintiff includes go to willfulness are the fact that his phone numbers was placed on the National Do Not Call Registry. Ewing clearly posts on his own web pages to not call. While it is true that even a single, non-consented to phone call violates the TCPA, there must be something more than just the single call to constitute willfulness, otherwise every violation of the TCPA would be *per se* willful. Questions the complaint answers include whether Defendant had prior knowledge of the phone number's registration on the Do Not Call List and that Defendant had a duty to check. Defendant failed to honor his duties and further, Defendant was told, expressly, on the call to stop calling. Defendant's subsequent and further calls where most definitely willful and knowing violations of the TCPA.

ii. One court defines a willful violation as when a "Plaintiff notifies Defendant to stop calling and Defendant disregards the

23CV2299

request." *Sapan v. Authority Tax Services, LLC*, Civil No. 13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014). Here, Defendant CAST CAPITAL called Plaintiff 13 times. That court stated "[t]he purpose of the TCPA is for defendants' to prevent repeated, unwanted telemarketing calls by honoring do-not-call requests." Other courts have acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] be issued." *J2 Global Communications, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting the split is between (1) whether the defendant needs knowledge that their conduct violated the law and (2) whether that merely sending the unsolicited communication was enough, even if the defendant had no knowledge it was breaking the law).

iii. Here, the Court should find enough in the Complaint to support a finding that Defendant CAST CAPITAL LENDING CORP acted willfully or knowingly violated the law. *See Sapan*, 2014 WL 12493282 at *3 (finding plaintiff sufficiently pled recovery of trebled damages when defendant made 72 phone calls

23CV2299

without consent and while plaintiff's number was registered on the Do Not Call List).

### e. Possibility of a Dispute Concerning Material Facts

i. The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiff has alleged sufficient facts to support his claims as analyzed above. Moreover, because Defendant failed to participate in litigation, the clerk entered default against him, submitting all well pleaded facts as true. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against defendant.

### f. If Default was Due to Excusable Neglect

i. There is no indication that defendant allowed its default to be taken as a result of excusable neglect. After being served with the complaint, defendant simply failed to respond or even participate in defending themselves except to file several rejected motions. The Court has nothing to support a finding that Defendant's neglect was excusable. Consequently, this

23CV2299

factor weighs in favor of the entry of default judgment.

### g. Policy Favoring Decisions on the Merits

> i. Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the Defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendants have failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id*. In sum, the relevant considerations weigh in favor of entry of default judgment against Defendants.

### EVIDENCE OF DEFENDANT'S WRONGDOING

13. A standard practice of telemarketers is to use a rather simple telephone number ID spoofing application. Defendant has exactly done this. Spoofing is the act of deceptively faking another number for your own number on a caller ID of the recipient. Further, sophisticated telemarketers, like this Defendant, often use junk or throw-away numbers from Googlevoice. Anyone can obtain dozens of linked phone numbers from Googlevoice in a matter of seconds, for free. Telemarketers are getting more and more clever and cunning, just like Defendant CAST CAPITAL. Notwithstanding, Defendants used the numbers stated in the Complaint to call Ewing on the dates and times shown. Each call

23CV2299

contains or justifies $1,500 for violating §227(b) by using an ATDS; plus

$1,500 for violating §227(c) for calling a DNC registered phone, or plus $1,500

for failure to send a written copy of the DNC policy after express request

therefor, or plus $1,500 for failure to identify caller in the beginning of each

call.

## THREE FACTORS FOR AMOUNT OF DAMAGES

14. The Court must address three issues when considering TCPA damages. *See,*

*e.g., Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15-17; *j2*

*Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 at *7-

8; *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015

U.S. Dist. LEXIS 44930, 2015 WL 1522244 (N.D. Cal. March 16,

2015) *adopted as modified by* No. 14-cv-02445-BLF, 2015 U.S. Dist. LEXIS

44933, 2015 WL 1544229 (N.D. Cal. April 3, 2015).  First, the Court must

determine the number of TCPA violations the Plaintiff has established.

*Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15; *Roylance*,

2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 at *9.  Here, Ewing

established multiple violations under §§ 227(b) and (c).  Ewing establishes that

each of the 13 calls that he received from CAST CAPITAL and CAST

CAPITAL LENDING CORP that violated the TCPA's prohibition on

automated telephone calls.  Ewing also establishes violations for failure to

23CV2299

identify the caller[1] and 13 violations for initiating a call without an internal do-not-call policy available upon demand.  Ewing establishes that the calls were made in violation of the national do-not-call list (registry) because he provides evidence that his number was on the list during the relevant time (Ewing registered 619-719-9640 on 2/16/2012 – all were at least 31 days prior to the offending calls).

## CONCLUSION

Wherefore, the Court should grant Plaintiff's motion for default judgment because the defaulted Defendant CAST CAPITAL LENDING CORP have admitted to wrongdoing and default has been entered against them in this matter. Additionally, Plaintiff has shown that each of the *Eitel* factors tip the scales of justice toward entry of judgment as plead and proven.  Finally, an injunction prohibiting future harassing telephone calls is requested as provided in the TCPA because they are repeat offenders and very likely to re-offend.  Defendant CAST CAPITAL's actions are willful, wanton, malicious and done with an evil hand guided by an evil mind.  Even though he is facing a substantial term of imprisonment, he continues to this day to engage in telemarketing which is a criminal act that violates 47 USC §501.

---

[1] Additionally, the Telemarketing Sales Rule from the FCC sets for that each telemarketer is required to disclose who they are at the beginning of the call.  Defendant did not do this.

Plaintiff thanks that Court for its time and effort in this matter.

Dated:  January 29, 2024

/s/ *Anton A. Ewing*___

Anton A. Ewing,
Plaintiff

23CV2299

# PROOF OF SERVICE

I, Anton A. Ewing, am over age 18 and a pro se party to this case.  I served the attached Motion for Default Judgement on Defendant at:


CAST CAPITAL LENDING CORP
5716 Corsa Avenue, Suite 110
Westlake Village, CA 91362

Via first class US Mail with postage prepaid.

The above is true and correct under penalty of perjury.

Date:  January 29, 2024

Anton A. Ewing

23CV2299